PATRONS' MUTUAL FIRE INSURANCE CO. *v.* GOODMAN.

TRIAL—FINDINGS OF FACT, FAILURE TO MAKE—JUDGMENT.
  Where the court below merely recited the claims of the parties, but no findings were made as to which of the claims were true, there was nothing upon which to base a judgment.

Error to Bay; Coumans, J. Submitted April 16, 1918. (Docket No. 77.) Decided June 3, 1918.

Assumpsit in justice's court by the Patrons' Mutual Fire Insurance Company, Limited, of Michigan, against Philip Goodman for assessments due on a policy of insurance. There was judgment for plain-

tiff, and defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Reversed.

G. C. Leibrand (Gilbert W. Hand, of counsel), for appellant.

B. J. Henderson, for appellee.

MOORE, J. This case was commenced in justice's court and appealed to the circuit court, where it was tried without a jury. The case is brought here by writ of error.

The judge made findings of fact and law as follows:

"Findings of Facts.
"1. On August 6, 1916, defendant applied for insurance in plaintiff company; policy No. 5663 was issued to defendant on August 7, 1906. The annual assessment period of plaintiff company extends from August 1, of any year to August 1, of the following; the books are closed on that date for levying assessments, and the assessments are payable in October following. Defendant paid all assessments levied against him until the assessment of 1909, which was for losses and expenses of the company from August 1, 1908, to August 1, 1909; the amount was $3.75; the $3.75 appears on the 1909 assessment roll, although the plaintiff did not introduce or produce the roll for that year.

"2. Defendant claims that in the latter part of August, 1908, he paid what assessments were due against him and surrendered his policy for cancellation; that he gave his policy to Berling Price, the then local director of the company. Mr. Price testified that he mailed the policy to plaintiff and paid the assessment of 1908, which would pay defendant's obligations up to August 1, 1908. Mr. Holden, the secretary of the company, testified that he did not receive the policy. It is the claim of the plaintiff that the defendant not having paid the $3.75 due plaintiff for losses and expenses from August 1, 1908, to August 1, 1909, that the same was properly assessed in 1909

for the entire 1909 assessment in the sum of $3.75. Plaintiff claims that no other assessment was made against defendant as he was off the active list of members on February 1, 1910, and no losses and expenses of the company were assessed against him or his policy since that date, and that his name did not appear on any assessment roll issued by the company until the year 1914.

"3. Article 10 of the articles of association of the plaintiff provide: * * * (The article is here quoted.)

"Section 26 of the by-laws of plaintiff provide * * * (The section is here quoted.)

"4. It is the claim of the defendant that he did not receive notice of the assessment made August 1, 1909, but if said assessment was made that he, the defendant, ceased to be a member on October 1, 1909, according to the by-laws No. 26 of said plaintiff company, and if he was owing anything to plaintiff at that time for losses and expenses between the date of the 1909 assessment and the date when he ceased to be a member that the statute of limitation would run against such claim from said last mentioned date.

"Conclusions of Law:

"From the foregoing findings of fact, I conclude as matter of law:

"1. That sufficient proof was offered to entitle the application of defendant to be received; it appearing that the defendant received the policy issued thereunder and paid several assessments thereon.

"2. That sufficient proof was offered to show that defendant's name appeared on the assessment roll of plaintiff for the year 1909 for losses and expenses of the company assessed or levied against him or his policy to August 1, 1909, in the sum of $3.75.

"3. I am of opinion that all sums due the plaintiff from the defendant were due and payable to it October 1, 1909, and the statute of limitations began to run from that time."

The court found that as the suit was commenced December 29, 1915, the statute of limitations had run and entered judgment for the defendant.

The attention of the court was called to the fact that he had stated the claims of the parties in paragraphs

two and four instead of making findings of fact, and amendments were proposed which were overruled and exceptions were duly taken.

The appellant insists that the second and fourth paragraphs are mere recitals of the claims of the parties and are not findings of fact, and that the other two paragraphs are not sufficient to be made the basis of the judgment.

The case presented is unlike *White* v. *Gypsum Co.*, 168 Mich. 238, where the findings, though loosely drawn, were in fact made. In the instant case the claims of the parties were recited but no findings were made as to which of the claims were true, and there is nothing upon which to base the judgment. See *Yelverton* v. *Steele*, 40 Mich. 538; *Downey* v. *Andrus*, 43 Mich. 65; *Steele* v. *Matteson*, 50 Mich. 313.

It is unnecessary to discuss the other questions.

Judgment is reversed, and a new trial granted, with costs to the plaintiff.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.