BRADSHAW *v.* BLAINE.

1. PHYSICIANS AND SURGEONS—IMPLIED CONTRACT AS TO SKILL RE-
QUIRED.
    A contract is implied between a patient and his surgeon requiring
    latter to use that degree of skill and diligence ordinarily
    exercised by the average members of the profession of medicine
    and surgery in the same or similar localities with due considera-
    tion to the state of the profession at the time.

2. SAME—SKILL REQUIRED.
    A surgeon who is engaged to perform an elective, unexceptional
    operation is obligated to use that degree of skill and diligence
    customarily used in the community or similar communities by
    ordinary, average practitioners of medicine and surgery.

3. SAME—FAILURE TO USE SKILL REQUIRED—EXPERT TESTIMONY.
    Alleged failure of defendant surgeon to exercise skill required in
    performance of an elective, unexceptional operation could be
    established by the testimony of expert witnesses familiar with
    the standard of practice of ordinary, average physicians and
    surgeons in the same or in similar communities.

4. APPEAL AND ERROR—QUESTIONS OF FACT—NONJURY CASE—PRE-
PONDERANCE OF EVIDENCE.
    An appellate court does not substitute its judgment on factual
    questions in nonjury cases for that of the trial judge unless
    the facts clearly preponderate in the opposite direction.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  41 Am Jur, Physicians and Surgeons §§ 78, 79, 82.
[3]   41 Am Jur, Physicians and Surgeons § 129.
[4]   5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[5]   41 Am Jur, Physicians and Surgeons §§ 129, 132.
[6, 7]  41 Am Jur, Physicians and Surgeons § 96.
[8]   41 Am Jur, Physicians and Surgeons § 128.
[9]   41 Am Jur, Physicians and Surgeons § 129,

5. PHYSICIANS AND SURGEONS—SKILL REQUIRED—QUESTION OF FACT —EXPERT TESTIMONY.

Skill used by defendant surgeon in the performance of an elective, unexceptional operation became a question for the trier of the facts when the testimony of competent experts upon hypothetical questioning as to such matter differed materially.

6. SAME—ELECTIVE UNEXCEPTIONAL OPERATION—PATIENT'S OPERATIVE CONDITION.

Patient's operative condition is a matter calling for exercise of professional judgment in accordance with the standard of practice of medicine and surgery in the community, where the operation is an elective, unexceptional one to be performed at the convenience of the doctor, hospital, and patient.

7. SAME—MALPRACTICE—SURGERY—ASTHMA—STANDARD OF CARE.

Elective and unexceptional abdominal surgery shortly following patient's asthmatic attack of several hours' duration and of which surgeon had notice is a matter calling for professional judgment in accordance with the standard practice of medicine and surgery in the community.

8. SAME—MALPRACTICE—QUESTIONS OF FACT—EVIDENCE.

Evidence adduced in malpractice action against defendant surgeon who performed an elective, unexceptional abdominal operation upon plaintiff's wife within a few hours after she had had a prolonged asthmatic attack of several hours' duration and of which he had notice, followed by sudden cardiac arrest during surgery *held*, sufficient to establish a question of fact as to negligence of defendant proximately causing the death.

9. SAME—MALPRACTICE—OBJECTIONS TO EXPERT TESTIMONY—FOUNDATION.

Prejudicial error in malpractice action *held*, not to have been committed in overruling the objections of defendant as to certain testimony of plaintiff's expert witness, where proper foundation had been laid.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted Division 1 January 14, 1965, at Detroit. (Docket No. 227.) Decided April 19, 1965. Rehearing denied May 18, 1965. Leave to appeal denied by Supreme Court July 29, 1965.

Declaration by Alie C. Bradshaw, administrator of the estate of Eva L. Bradshaw, deceased, against

Max Blaine and others for alleged malpractice in the performance of surgery. Judgment for plaintiff. Defendant appeals. Affirmed.

*John D. O'Connell* and *Walter M. Nelson,* for plaintiff.

*Moll, Desenberg, Purdy, Glover & Bayer,* for defendant.

WATTS, J. Civil action for malpractice is brought by Alie C. Bradshaw, the surviving husband, as administrator of the estate of his deceased wife, Eva L. Bradshaw, against operating surgeon Max Blaine, M.D., for damages for her alleged wrongful death during surgery. Judgment with costs was rendered for plaintiff. Defendant appeals.

Decedent entered Highland Park General Hospital July 9, 1956, at 3:35 p.m. for elective, unexceptional surgery, *i.e.,* surgery that may be performed at the convenience of the doctor, the hospital, and the patient. Decedent had an asthmatic attack which lasted from approximately midnight, July 9th, to 5 a.m. the next morning. Defendant had knowledge of the attack. Abdominal surgery was performed on the decedent July 10th at 8 a.m., and during surgery she had a sudden cardiac arrest and expired at 9:56 the same morning.

Plaintiff alleged that defendant failed to adhere to the standard of practice for physicians and surgeons in the community when he performed surgery upon the decedent and that defendant's failure to adhere to the standard of practice for physicians and surgeons in the community constituted negligence which was the proximate cause of death of plaintiff's decedent.

Defendant denied plaintiff's allegations and testified that he did adhere to the standard of practice

for physicians and surgeons and that the cardiac arrest may have been a result of many causes.

Dr. Henry L. Smith, an expert witness for plaintiff; Dr. William P. Chester and Dr. Eugene Isaac Plous, expert witnesses for defendant, testified that they were familiar with the standard of practice of physicians and surgeons in the community and in similar communities for surgery such as defendant performed.

Dr. Henry L. Smith, in answer to a hypothetical question based on decedent's case history and hospital record, testified that in his opinion defendant failed to adhere to the standard of practice for physicians and surgeons in the community and that the standard of practice required defendant to delay surgery until such a time as the patient had recuperated from the asthmatic attack. He further testified that defendant's failure to adhere to the standard of practice for physicians and surgeons in the community could have caused decedent's cardiac arrest.

Defendant's witnesses, Doctors Chester and Plous, in answer to a similar hypothetical question, testified that in their opinion defendant did adhere to the standard of practice for physicians and surgeons in the community, that such standard of practice did not require defendant to delay surgery, and that there are many causes which could have brought about decedent's cardiac arrest.

It has been repeatedly held by the Michigan Supreme Court that there is an implied contract between a patient and his surgeon requiring the latter to use that degree of skill and diligence ordinarily exercised by the average members of the medical profession in the same or similar localities with due consideration to the state of the profession at the time. *Miller* v. *Toles* (1914), 183 Mich 252 (LRA 1915C, 595); *Bryant* v. *Biggs* (1951), 331 Mich 64. In the instant case it was the duty of defendant to

use that degree of skill and diligence customarily used in the community or in similar communities by ordinary, average practitioners of medicine and surgery. The alleged failure of defendant to exercise that degree of skill and care could only be established by testimony of expert witnesses familiar with the standard of practice of physicians and surgeons in the same or similar communities.

Doctors Henry L. Smith, Chester, and Plous were well qualified and competent to give testimony as expert witnesses. Their testimony differed materially as to what constituted the standard of practice for physicians and surgeons in the community.

Where there is a conflict in the testimony of qualified expert witnesses, a factual issue is presented for the trier of the facts.

The trial judge, sitting without a jury, made a finding of fact from the testimony. On appeal, the Court does not substitute its judgment on fact for that of the trial judge unless the evidence clearly preponderates in the opposite direction. *In re Granville Estate* (1956), 345 Mich 495; *Hall* v. *Horak* (1950), 329 Mich 16.

It is our opinion defendant's determination as to decedent's operative condition was a matter requiring the exercise of sound professional judgment in accordance with the standard of practice of physicians and surgeons in the community.

It is the claim of defendant that the trial court committed prejudicial error in overruling the objections of defendant to certain testimony of Dr. Henry L. Smith.

This Court has reviewed the testimony and finds that the trial court did not commit prejudicial error in allowing said testimony to be received. The testimony in question was proper when considered in its entirety, a proper foundation therefor having been laid.

Appellant further raised the question of proximate cause. This Court finds that the evidence presented by plaintiff was sufficient to raise a question of fact which was passed upon by the trier of the facts who found negligence on the part of defendant, constituting proximate cause of death of plaintiff's decedent.

Judgment affirmed.    Costs to plaintiff-appellee.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.