### HUGHES v. WHITE.

1. BROKERS—REAL ESTATE—STATUTES.

   A licensed real-estate broker is subject to the statutes regulat-
   ing real-estate brokers and he may be found in violation there-
   of by the corporation and securities commission under the
   procedures set forth therein (CLS 1961, § 451.213).

2. SAME—STATUTES—CONTRACT FOR SALE OF LAND—INCORPORATION
   BY REFERENCE.

   The statute regulating real-estate brokers, under which the cor-
   poration and securities commission promulgated rules in ac-
   cordance with which a contract for the sale of real estate was
   entered into between the seller and buyer, may be considered to
   be incorporated by reference into the contractual undertaking
   (CLS 1961, § 451.213).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 12 Am Jur 2d, Brokers §§ 6, 7, 12.
[2] 12 Am Jur 2d, Brokers §§ 31, 33.
[3] 6 Am Jur 2d, Attachment and Garnishment §§ 332 -334.
[4] 6 Am Jur 2d, Attachment and Garnishment § 331.

3. Garnishment—Common Pleas Court—Pleading.

    Plaintiff in a garnishment action in common pleas court must allege a belief that the garnishee defendant has property *belonging to* the principal defendant or that the garnishee defendant *is indebted* to the principal defendant (CL 1948, § 728-.14, as amended by PA 1962, No 40; CLS 1961, § 600.7501 *et seq.*).

4. Same—Sale of Real Property—Default by Purchaser—Broker —Down Payment.

    Vendor of real estate may not maintain garnishment action, based on the contract of sale, against broker to recover one half of down payment paid to broker by a defaulting purchaser, where, under its terms, upon default by the purchaser the down payment became the property of the vendor and the broker in equal shares, and the money no longer belonged to the purchaser (CL 1948, § 728.14, as amended by PA 1962, No 40; CLS 1961, § 600.7501 *et seq.*).

Appeal from Common Pleas Court of Detroit; Stanczyk (Benjamin C.), J. Submitted Division 1 October 3, 1966, at Detroit. (Docket No. 1,327.) Decided January 24, 1967.

Complaint by Lawrence Hughes, executor of estate of Andrew Thornton, deceased, against Willie Sawyer for forfeiture of sum paid as down payment on sale of real estate. Default judgment for plaintiff. Garnishment action by Lawrence Hughes against Cohen W. White, the real-estate broker, for the forfeited amount. Judgment for plaintiff. Garnishee defendant appeals. Reversed.

*Cassese & Batchelder (Joseph A. Cassese,* of counsel), for plaintiff.

*Harold L. White,* for garnishee defendant.

Lesinski, C. J. Garnishee defendant White appeals a judgment of the common pleas court for

plaintiff Hughes, executor of the estate of Andrew Thornton, deceased. The judgment below ordered the garnishee defendant, a licensed real-estate broker, to pay one-half of the amount received as down payment from the principal defendant, Sawyer, defaulting purchaser of land, to the plaintiff vendor of the property.

The plaintiff executor and the principal defendant entered into a preliminary agreement for the sale of the real estate in question on December 26, 1963. The principal defendant gave the garnishee defendant a $500 deposit, to be retained under the terms of the agreement.[1] The plaintiff's brief states that the principal defendant engaged in delaying tactics to postpone the closing. The garnishee defendant does not dispute this allegation, but asserts that plaintiff was unable to furnish marketable title. Plaintiff further alleges that after waiting additional time, he notified the principal defendant and the garnishee defendant that he considered the agreement breached and the deposit forfeited; and that, in the absence of a response to this communication, he made a demand upon the garnishee defendant for one-half of the deposit. Plaintiff alleges that when the garnishee defendant refused to comply with this request, that plaintiff filed a complaint with the corporation and securities commission. It is undisputed that a hearing before a deputy commissioner took place on December 30, 1964; however, there is a conflict over the events which transpired on that occasion. The plaintiff contends that the

---

[1] The agreement provided that the deposit was to be held by the broker under Rule 5 of the Michigan corporation and securities commission rules and regulations and applied to the purchase price if the sale was consummated, or at the seller's option, delivered to him (seller) on the acceptance of the offer. (See: 1954 AC, § R 451.305.)

The agreement also provided that if the deposit money was forfeited for nonperformance of the purchaser, the broker was entitled to one-half of the deposit.

deputy commissioner stated that he did not have jurisdiction to order one-half of the deposit turned over to the plaintiff because CLS 1961, § 451.213(j) (1) (Stat Ann 1964 Rev § 19.803[j][1]),[2] required a judicial determination of the buyer's default before the deposit could be forfeited. Plaintiff further alleges that the deputy commissioner warned the garnishee defendant to retain the deposit until this determination had been made, and garnishee defendant denies that this warning was given.

On February 9, 1965, plaintiff began an action against the principal defendant which resulted in a default judgment for plaintiff. Garnishee defendant contends that prior to the plaintiff's institution of the action just discussed, that he (garnishee defendant) returned the $500 to the principal defendant and received a receipt therefor which the court below refused to receive into evidence. After the judgment against the principal defendant became final, the plaintiff instituted garnishment proceedings on April 14, 1965; said proceedings form the subject matter for this appeal. The trial testimony discloses that garnishee defendant was served on April 16, 1965, and on April 22, 1965, filed a written disclosure wherein he denied that he had any property owing to the principal defendant. It is his assertion that the entire down payment had been

---

[2] This statute gives the commission the authority to investigate the actions of any real-estate broker, and to suspend or revoke any license issued pursuant to the Michigan statute where the licensee is deemed guilty of any of the acts specified therein. The portion pertinent to the controversy, referred to in the text above, states:

"(j) Failing to deposit in a custodial trust or escrow account all moneys belonging to others coming into the hands of the licensee in compliance with the following requirements:

"(1) All deposits or other moneys accepted by every person, co-partnership, corporation or association holding a real estate broker's license under the provisions of this act must be retained by such real estate broker pending consummation or termination of the transaction involved, and shall be accounted for in the full amount thereof at the time of the consummation or termination."

returned prior to the institution of the initial action.

At trial, the lower court refused to permit the introduction of the receipt offered in evidence by garnishee defendant as discussed above and also refused this defendant's proffered evidence of a letter from the principal defendant's attorney demanding repayment of the $500 deposit and a title commitment policy. The nonjury proceedings resulted in a judgment, on August 13, 1965, for the plaintiff. The court based its decision on the statute previously cited. The court held that its provisions were mandatory, and that a real-estate broker cannot turn over money received as a down payment unless "the deal goes through, or if it doesn't go through by agreement of the parties," and that if a broker pursues another course, liability attaches to his action, regardless of good faith.

This Court must here determine whether, based on CLS 1961, § 451.213 (Stat Ann 1964 Rev § 19.803), upon a judicial determination of the buyer's default, the plaintiff seller could maintain a garnishment action against the defendant broker for one-half of the down payment paid to said broker by the defaulting buyer.

It is clear that the garnishee defendant, as a licensed real-estate broker, is subject to the statutes regulating real-estate brokers and can be found in violation thereof by the commission under the procedures set forth therein. A reading of the agreement which is the subject matter of this controversy also reveals that the contract was entered into in accordance with the rules of the commission; the agreement was signed by the garnishee defendant real-estate broker; and the statute cited above may be considered to be incorporated by reference into this contractual undertaking. Upon proof of the

contract, and absent any valid defenses, the plaintiff here could presumably maintain an action for breach of contract, or for breach of fiduciary duty of an agent against the garnishee defendant.

However, the plaintiff did not choose to bring an action under either of these theories. Instead, the plaintiff sought to garnishee the defendant.

It is undisputed that the buyer made a $500 deposit. It was previously determined that the buyer defaulted. Under the terms of the contract, the deposit then became the property of the broker and the seller. In order to bring a garnishment action in common pleas court,[3] the plaintiff (seller) must allege a belief that the garnishee defendant (broker) has property *belonging to* the principal defendant (buyer) or that the garnishee defendant (broker) *is indebted to* the principal defendant (buyer).[4] Under the terms of the contract, this money no longer belonged to the buyer, nor was the broker indebted to the buyer. There was, therefore, no factual basis for a garnishment action; and it follows that we must reverse the resulting judgment for plaintiff. Nothing in CLS 1961, § 451.213, *supra*, compels a contrary result.

Under this decision there is no need to review alleged errors relative to the lower court's rulings on the admissibility of proffered evidence, as said rulings were predicated on a garnishment action.

---

[3] The garnishment provisions of CLS 1961, § 600.7501 *et seq.* (Stat. Ann 1962 Rev § 27A.7501 *et seq.*), prevail in common pleas court, according to CL 1948, § 728.14 (Stat Ann 1965 Cum Supp § 27.3664), as amended by PA 1962, No 40.

[4] CLS 1961, § 600.7501, *supra*, reads in part:

"In any action commenced before a justice of the peace, founded upon contract, or upon judgment or decree, or after the rendition of judgment in any case if the plaintiff, his agent or attorney shall make and file with such justice an affidavit stating that he has good reasons to believe, and does believe, that any person, naming him, his property, money or effects in his hands, or under his control belonging to the defendant or any or either of the defendants in such suit, judgment or decree, or that such person is indebted to such defendant or any or either of the defendants   *   *   *."

Nothing contained herein should be construed to deny plaintiff the opportunity to prove his claim against the garnishee defendant under appropriate proceedings.

Reversed. Costs to appellant.

J. H. GILLIS and HOLBROOK, JJ., concurred.