## BOROST *v.* DOYLE.

1. APPEAL AND ERROR—EQUITY CASES—WITNESSES.

   Trial court who saw and heard the witnesses in a suit for specific performance of an oral contract to make a will is in the best position to judge their credibility, and, therefore, the Court of Appeals will not substitute its judgment for that of the trial court on questions of fact, unless the findings are clearly erroneous (GCR 1963, 517.1).

2. SPECIFIC PERFORMANCE—ORAL CONTRACT TO MAKE A WILL—EVIDENCE.

   Trial judge's finding that the proofs were insufficient to establish an oral contract to make a will and that if a contract existed it was abandoned by the plaintiff, *held,* substantiated by sufficient evidence in action for specific performance of the alleged contract under which deceased father would give all of his property to plaintiff son if latter would stay on deceased's farm and perform the services required to operate the farm.

3. TRIAL—HEARSAY—ADMISSIBILITY—SUBSTANTIAL JUSTICE.

   Erroneous admission of hearsay evidence over plaintiff's objection in trial of action for breach of oral contract to make a will is not ground for reversal of judgment for defendants, where the error did not affect the substantial rights of the parties (GCR 1963, 529.1).

Appeal from Menominee; Brown (Ernest W.), J. Submitted Division 3 October 6, 1967, at Marquette.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[2] 57 Am Jur, Wills § 192 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 737.

(Docket No. 2,722.)   Decided March 18, 1968.   Leave to appeal denied May 29, 1968.   See 381 Mich 753.

Complaint by Victor Borost against Thurman B. Doyle, administrator with the will annexed of the estate of Mike J. Borost, deceased, Dolores Alexander, Helen Turznik, Rose Dombrowski Schultz, Alex Borost, Alice Hatten, Florence Smith, and Annie Weber for specific performance of an oral contract to make a will.   Judgment for defendants. Plaintiff appeals.   Affirmed.

*Paul Rahm,* for plaintiff.

*Lundgren & Sawyer,* for defendants.

BURNS, J.   Plaintiff Victor Borost appeals from an order dismissing his complaint seeking specific performance of an oral agreement to make a will.

Plaintiff is the youngest child of the deceased Mike J. Borost.   It was alleged in the complaint that sometime in 1947 Mike Borost promised the plaintiff that if the plaintiff would stay on the farm owned by his father and perform the services required to operate the farm, Mike Borost would give all of his property to the plaintiff.   Plaintiff further averred that he relied upon his father's promise, remained on the farm and performed the services required to operate it.

The testimony is abundant that on many occasions Mike Borost made statements to third parties to the effect that because the plaintiff had remained on the farm, upon his death all of his property would belong to the plaintiff.   One witness, Betty Jean Jessel, Victor's fiancee, testified as to a conversation with Mike Borost as follows: "He said as long as Victor stayed home and did the work and that, that the home and property was his."

After the noon recess she was recalled to the stand and testified that Victor had wanted to go out and get a job but had promised his father that "he would stay home and do the work."

There is also testimony in the record that during the last few years of Mike Borost's life Victor started to work at a factory and during the summer of 1962 Mike Borost sold the cattle which practically ended the farm operation.

On December 29, 1962, Mike Borost executed a will leaving his estate equally to his 8 children.

The trial judge found the testimony offered by the plaintiff indicated a testamentary intention on the part of Mike Borost rather than an existing contract to make a will and that even if there was a contract it was abandoned by the plaintiff during his father's lifetime.

Plaintiff claims the court erred on 3 grounds:

(1) The court erred in holding that the proofs were insufficient to establish an oral contract;

(2) The court erred in holding that if a contract existed it was abandoned by the plaintiff;

(3) The court erred by allowing hearsay and self-serving testimony to be admitted over the objections of plaintiff.

In *Paris* v. *Scott* (1934), 267 Mich 400, 403, 404, the Court stated:

"In cases of this kind, the testimony of witnesses must be viewed with great caution, because of the frailties of memory, the improbability of repeating the precise language of a person since deceased, of fairly expressing the full state of mind of such person, and because the change of a word may mean the difference between a binding contract and a mere expression of intention. Care must also be taken lest the court, out of considerations of equity or sympathy, make a contract for the parties where none ex-

isted, even though such contract might or would express their desires. Where the alleged contracting parties cannot testify, their acts loom large as compared with what witnesses say they said.

"Without attacking the credibility of any of the witnesses, the case presents persuasive indices that the conversations relied upon were merely expressions of intention rather than of a contract which Fred and Alice Paris considered binding on them.

\* \* \*

"When Fred was talking of his will after her death, it is obvious he did not recognize a binding obligation to her to leave his property to plaintiff because, in spite of his intense distress at the letter, he was still interested in learning the effect of intestacy and wanted further time to think over the matter of making a will."

In the present case the making of a will by Mike Borost after the farming operation had ceased also indicates that decedent did not recognize a binding contract to leave his estate to plaintiff. The trial court had the witnesses before it, saw and heard them, and is in the best position to judge their credibility. This Court will not substitute its judgment for that of the trial court on appeal unless such findings are clearly erroneous. See GCR 1963, 517.1. There was sufficient evidence to substantiate the trial judge's finding.

Our disposition of the first claim of error makes it unnecessary to discuss the second claim of error. A review of the record indicates that hearsay testimony was admitted over the objections of the plaintiff. The trial court was in error in receiving such testimony. However, GCR 1963, 529.1 provides:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a

new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."

The error in question did not affect the substantial rights of the parties.

Judgment affirmed. Costs to appellees.

FITZGERALD, P. J., and HOLBROOK, J., concurred.