GRANDCHAMP *v* PATZER

1. Brokers—Real Estate Brokers—Fiduciary Duty—Dual Agency—Negligence.

A real estate broker was liable to the purchasers of a house for negligence, breach of fiduciary duty, and unfair dealing where the evidence showed that the broker, acting as the purchasers' agent, knew of a second mortgage on the house being bought and did not reveal the mortgage's existence to the purchasers, and the broker was also acting as the sellers' agent and did not tell the sellers that he also represented the buyers.

2. Vendor and Purchaser—Mortgages—Nondisclosure—Brokers.

Sellers' nondisclosure to the purchasers and to their real estate broker of a second recorded mortgage on their home rendered the sellers liable to the purchasers for nondisclosure and misrepresentation and to the real estate broker for indemnification of any money judgment paid by the broker to the purchasers where the sellers had borrowed the mortgage money and had made one payment on the mortgage, because the sellers knew or should have known of the second mortgage and were duty bound to disclose the encumbrance to the broker and the purchasers.

Appeal from Presque Isle, Allan C. Miller, J. Submitted Division 3 March 9, 1972, at Grand Rapids. (Docket No. 11112.) Decided March 23, 1972.

Complaint by John J. Grandchamp and Elizabeth M. Grandchamp against Edwin V. Patzer and Dorothy A. Patzer for breach of a warranty in a

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur 2d, Brokers § 83 *et seq.*
[2] 55 Am Jur 2d, Vendor and Purchaser § 69 *et seq.*

deed and against Ferris H. Werth for breach of
an agent's fiduciary duty. Defendant Werth cross-
claimed against defendants Patzer for indemnifica-
tion. Judgment for plaintiffs, and judgment for
defendant Werth on his cross-claim. Defendants
appeal. Affirmed.

*Elmer L. Radka,* for plaintiffs.

*Joel W. Gillard,* for defendants Patzer.

*Jason, Wenzel & Kowalski,* for defendant Werth.

Before: T. M. BURNS, P. J., and FITZGERALD and
DANHOF, JJ.

FITZGERALD, J. This was a tri-party nonjury action
involving agency and mortgages in the sale of realty
in Presque Isle County.

Plaintiffs Grandchamp purchased the Patzer home
through their agent, defendant Werth, receiving a
warranty deed and assuming a Veteran's Adminis-
tration mortgage. Subsequently, it was learned that
a second recorded mortgage on the property in the
amount of $3,000 was payable to Lewandowski. This
mortgage was not recited in the deed. The existence
of this second mortgage sets the amount in contro-
versy and gives rise to this litigation. Defendants
refused to pay the $3,000 and plaintiffs filed a com-
plaint against the Patzers for breach of warranty in
their deed and against codefendant Werth, as a
dual agent, for breach of fiduciary duty to them as
principals.

Defendant Werth claims that the Patzers never
revealed the existence of the Lewandowski mortgage
although they knew or should have known of its
existence. He denies liability and asserts the de-
fendants Patzer are solely liable.

The Patzer defense is that they did not intentionally or knowingly make 'any false covenants and disclaim liability, contending that Werth as their agent was responsible for any title misrepresentation. They cross-claim against Werth for breach of his duty to them as their agent.

The trial court ruled that the Patzers and Werth were jointly and severally liable to plaintiffs and that defendant Werth would be reimbursed by the Patzers if he was required to pay under the judgment.

Defendant Edwin Patzer admitted that he borrowed $3,000 on his property and made one $20 payment. He did not know the mortgage was recorded and he did not tell either the plaintiffs or defendant Werth of this transaction. He stated he was aware or should have been aware of the loan and his liability thereon.

The court based defendant Werth's liability upon negligence in failing to observe the existence of the second mortgage, breach of fiduciary duty, and unfair dealing in violation of rules regulating real estate brokers.

The court found from Werth's testimony that he might have seen the second mortgage and this accounted for the hasty closing without time to post the abstract to date, adjust taxes, or transfer escrow. Credibility of a witness is left to the trial judge. *Gates* v *New York Life Insurance Co,* 21 Mich App 21, 32 (1969).

The court's finding of actionable negligence based upon evidence and credibility is not clearly erroneous. *Borost* v *Doyle,* 9 Mich App 478 (1968); *Gary Boat Club, Inc* v *Oselka,* 31 Mich App 465, 471 (1971).

It is clear from the language employed by the court that it found an agency relationship between defendant Werth and the plaintiffs and that there was a breach of his fiduciary duty to them. Plaintiffs

testified that Werth told them not to see Mr. Patzer, stating to them, "I am doing your dealings" and "I'm taking care of everything". Evidence indicates that he intended to and did take care of their part of the transaction. This is sufficient to create an agency relationship. *Van Pelt* v *Paull,* 6 Mich App 618, 623 (1967). The finding of agency and breach is supported by the record.

The court found unfair dealing based upon a breach of regulatory broker's rules which were incorporated in the opinion by reference. Werth, as a real estate agent and broker, is subject to such regulations. *Hughes* v *White,* 5 Mich App 666 (1967). The violations of the statute, MCLA 451.213; MSA 19.803, include acting for more than one party in a transaction without knowledge of all parties thereto. Werth never advised the sellers that he also represented the buyers. A finding of unfair dealing under the circumstances of this case is reasonably supported by the evidence.

The court determination that defendant Werth was liable to the plaintiffs Grandchamp on the basis of negligence, breach of fiduciary duty as their agent, and unfair dealing is supported by testimony. No injustice is demonstrated and the court's fact findings and application of law are not clearly erroneous. GCR 1963, 517.1.

Our review causes us to agree with the trial court that the Patzers are liable to the plaintiffs for nondisclosure and misrepresentation and that defendant Werth is also liable jointly and severally on the basis of negligence, breach of fiduciary duty, and unfair dealing.

One question remains. Are the Patzers liable to codefendant Werth if he is required to pay part of the judgment? Evidence indicates the Patzers knew or should have known of the existing lien.

They borrowed the money and made one payment on the mortgage. They were duty bound to make this disclosure. Under such circumstances we agree with the trial court, plaintiffs should be protected. However, since the Patzers' nondisclosure caused the lawsuit and liability, they should be made to pay any loss sustained by Werth as a result of a judgment against him.

Affirmed. Costs to appellees.

All concurred.