PEPPER v NAIMISH

1. WATERS AND WATER COURSES—RIGHT OF ACCESS—CONTIGUOUS LAKES.

A plaintiff owning property on which there is a small body of water has the burden of proving that in the natural and normal state the small body was once contiguous with a larger body of water on the adjacent property *if he is to receive rights of access and use in the larger lakes.*

2. WATERS AND WATER COURSES—RIGHT OF ACCESS—EVIDENCE.

A judgment that the owner of a small body of water did not have access and use rights to a larger lake on nearby land was supported by sufficient findings where the judge found that the two lakes were separated by a natural barrier and that the two bodies never were contiguous.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 February 4, 1972, at Detroit. (Docket No. 11755.) Decided March 29, 1972. Leave to appeal denied, 387 Mich 799.

Complaint by Inez S. Pepper, Robert R. Pepper, Mary P. Pepper, and Harold Pepper against John G. Naimish and Madelon Naimish for an injunction to enjoin defendants from interfering with a right of access to a lake. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Liberson, Fink, Feiler, Crystal, Burdick & Schwartz, P. C.,* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur, Waters § 273 *et seq.*
[2] 56 Am Jur, Waters § 277.

*Smith, Magnusson, Andersen & Chartrand,* for defendants.

Before: Bronson, P. J., and V. J. Brennan and O'Hara,* JJ.

Per Curiam. Plaintiffs own a parcel of land in Highland Township, Michigan, adjacent to land owned by defendants. Defendants' land is contiguous to Duck Lake. Plaintiffs' land is west of the defendants'. There is a small body of water on plaintiffs' land which is the subject of this dispute. Defendants have made substantial improvements on their property over the years, including dredging a channel from Duck Lake which exists on their property. The channel is separated from the water on plaintiffs' property by a "roadway". As a result of defendants' operations, this "roadway" has been filled in. Plaintiffs claim that this barrier interferes with their access to Duck Lake from the body of water on their property. Defendants refused to remove the barrier. Plaintiffs sought a permanent injunction in the Oakland County Circuit Court to enjoin defendants from interfering with their alleged right to access to Duck Lake. After listening to testimony and viewing the property, the trial judge dismissed the complaint. Plaintiffs appeal of right.

Plaintiffs correctly assert that when one owns property on a small body of water which is connected to a larger body of water when the water level is at its legal or normal level, he has riparian rights in the larger body of water. *Kerley* v *Wolfe,* 349 Mich 350 (1957); *Rice* v *Naimish,* 8 Mich App 698 (1967). There is no dispute as to the law in this case. The

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

only issue involved here is whether in their natural and normal state the lake and the body of water on plaintiffs' land were once contiguous.   To prevail, plaintiffs had the burden of proving that the two bodies of water were separated by unnatural barriers.   This is a question of fact for the trial judge. He found that plaintiffs had not carried their burden.

It is plaintiffs' contention that reversal is required because the trial judge did not comply with GCR 1963, 517.1.   In part, this court rule provides:

".1 Effect.   In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."

Plaintiffs argue that the trial judge merely restated the evidence presented and did not state the findings of ultimate facts which led to his decision.   This leaves nothing for this Court to review.   *Patrons Mutual Fire Insurance Co* v *Goodman,* 202 Mich 66 (1918); *Dauer* v *Zabel,* 9 Mich App 176 (1967).   We do not agree.

The trial judge did more than restate the evidence. A careful reading of the entire opinion indicates that the trial judge found that the body of water on plaintiffs' property is separated from the channel on defendants' property by a natural barrier and that the two bodies were never contiguous.   This finding was based on the testimony of Whitney Carnahan, an Oakland County Drain Commission employee, whose testimony the trial judge believed, and on his own view of the property at a time of year when the water of Duck Lake was above its normal level, a fact he took judicial notice of.   Based on these findings, the trial judge determined that plaintiffs had failed to

carry their burden of proof and complied with GCR 1963, 517.1.

Plaintiffs also assert that the trial judge's findings were against the great weight of the evidence. We will not reverse a trial judge's findings of fact unless they are clearly erroneous. *Tann* v *Allied Van Lines, Inc,* 5 Mich App 309 (1966). It is the trial judge who sees and hears the witnesses and is in the best position to judge their credibility. *Borost* v *Doyle,* 9 Mich App 478 (1968). A review of the record indicates there was sufficient evidence, if believed, for the trial judge to find as he did.

Affirmed.