LEIDIG v ROCKWOOD & COMPANY

1. USURY—PAYMENT OF INTEREST—STATUTES.

A trial court did not err in determining that an interest provision in a time-payment agreement was usurious thereby excusing plaintiffs from payment of any interest where only a portion of the transaction could be said to be the sale of merchandise, the money advanced by defendant was a loan of money for specific purposes, the interest charge on plaintiffs' promissory note was in excess of 7%, and the contract did not fall within the statutory provisions authorizing an interest rate greater than 7% per annum (MCLA 438.51, 438.52).

2. APPEAL AND ERROR—NONJURY CASE—FINDINGS OF FACT.

The Court of Appeals will not substitute its judgment in a nonjury case for that of the trial judge unless the facts clearly indicate an opposite result must be reached (GCR 1963, 517.1).

Appeal from Midland, James R. Rood, J. Submitted Division 3 June 6, 1973, at Lansing. (Docket No. 15483.) Decided June 28, 1973.

Complaint by Wilbur Leidig and Ruth Leidig against Rockwood & Company to recover interest paid on a promissory note and mortgage. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Herbert H. Edwards,* for plaintiffs.

*Bower & Rogers,* for defendant.

Before: HOLBROOK, P. J., and DANHOF and ADAMS,* JJ.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Interest and Usury §§ 2, 117.
[2] 5 Am Jur 2d, Appeal and Error § 839.
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

HOLBROOK, P. J. This action was brought by plaintiffs Wilbur Leidig and Ruth Leidig, claiming that defendant Rockwood and Company, a Delaware Corporation, charged usurious interest on a promissory note and mortgage and seeking relief from the payment of interest on the said transaction. After trial the circuit judge granted the plaintiffs the relief requested and gave a judgment in favor of the plaintiffs in the amount of $341.71. Defendant appeals, and raises a single issue, *viz.:* Is the promissory note of August 1963 usurious under the provisions of MCLA 438.51; MSA 19.11, and if so, are plaintiffs entitled to relief under the provisions of MCLA 438.52; MSA 19.12?

The facts are not in dispute. Plaintiffs, egg farmers, purchased from defendant's predecessor a poultry house in 1961 for $24,016.60. An installment note and mortgage were executed to secure the transaction. In August 1963, with $13,574.60 still owing, plaintiffs, desirous of expanding the egg business, renegotiated the old debt, and a new time-payment agreement, secured by a promissory note and a real and chattel mortgage, was executed by the plaintiffs. The time-payment plan provided for 60 monthly payments of $920.30 each. The new contract, the subject of this litigation, contained the following provisions:

1. The 1961 debt was reduced to $12,200.

2. Defendant would advance to plaintiffs the necessary amount to purchase a new poultry house from defendant company for $19,482.60. For the purchase of additional Service Home Mfg. Co. equipment, $8,758.12; freight and installation costs, $2,000; credit life insurance, $450. Total indebtedness was set at $42,890.72.

3. Since plaintiffs were unable to pay cash, plaintiffs consented to an additional 5 years interest on a 5-year installment pay plan in the amount of 6% for a total charge of $12,867.28. The complete package plus interest amounted to $55,758.

In 1966 the egg business became a losing proposition and plaintiffs fell behind on their payments. Defendant foreclosed in October 1971, and the foreclosure sale was held on January 4, 1972, with defendant bidding on the property.

Defendant acknowledges receipt of payments of $43,138.10.

Within the one-year redemption period plaintiffs commenced this action contending that the agreement was usurious and that for this reason they are exempt under statute from paying any part of the $12,867.28 interest charge.

The trial court, in a nonjury decision, held that the interest provision was usurious and granted judgment to plaintiffs in the amount of $341.71. A further order discharged plaintiffs' note and mortgage.

MCLA 438.51; MSA 19.11 provides that legal interest is 5% unless the parties stipulate in writing for interest not exceeding 7% per year.

MCLA 438.52; MSA 19.12 provides that the maker of a promissory note shall not be compelled to pay any interest when the interest allowed by law has been violated.

Both parties agree that the $12,867.27 interest charge is in excess of the legal rate.

The trial court made the following findings of fact and conclusions of law:

"MCLA 438.51; MSA 19.11 provides that any interest charged in excess of 7% per annum is usurious. There are certain statutory exceptions to the provisions of the usury statute but none of these exceptions, in the opinion of the court, have application to the facts of this case.

"In the opinion of the court, the transaction entered into by the parties to this cause *was in fact a finance*

*arrangement.* An examination of the exhibits that have been entered in this cause and the explanation and interpretations of the arrangement placed upon them by the parties themselves convinces the court that the defendant *was in fact loaning money to the plaintiffs and financing the sale of certain equipment to them.* Michigan law recognizes the fact that a seller of merchandise may establish a credit price which is in excess of the cash price. The only portion of this transaction which under any fact could be said to be the sale of merchandise by the defendant would be the sale of the poultry building in the amount of $19,482.60. The exhibits and agreements between the parties do not in any way indicate that it was the intent of the parties that this building be sold on a time-price basis. The other items going into the indebtedness of the plaintiffs are clearly not for the sale of merchandise, but consist of the *refinancing of a preexisting indebtedness of the plaintiffs and a loan from the defendant to the plaintiffs* in order to permit them to purchase certain additional equipment from another corporation, as well as the sum of $450 loaned to the plaintiffs in order to purchase a five-year contract of credit life insurance.

"The court has examined the authorities which have been cited and is of the opinion they sustain the position of this Court. See: *Bird Finance Corp v Lamerson,* 303 Mich 422 [6 NW2d 732] (1942); *Gramatan National Bank & Trust Co v DeGraff,* 374 Mich 148 [132 NW2d 148] (1965); *Hillman's v Em 'N Al's,* 345 Mich 644 [77 NW2d 96] (1956); and *Matthews v Aluminum Acceptance Corp,* 1 Mich App 570 [137 NW2d 280] (1965)."

It is obvious that the "only sale" involved in the 1963 transaction was the sale of a second poultry house by defendant to plaintiffs. All of the other items were, as the trial court held, not sales. It is evident that the money advanced by the defendant was a "loan" of money for specific purposes. The interest charge on plaintiffs' promissory note being in excess of 7% and usurious under the statute, they are excused from payment of this interest.

MCLA 438.51; MSA 19.11 and MCLA 438.52; MSA 19.12.

Further, the contract in this case does not fall within the statutory provisions authorizing an interest rate greater than 7% per annum and the general prohibitions of interest in excess of 7% applies. See, *Campbell v Gawart,* 46 Mich App 518; 208 NW2d 607 (1973).

The record supports the trial court's decision. We do not substitute our judgment in a nonjury case for that of the trial judge unless the facts clearly indicate an opposite result must be reached. *Bradshaw v Blaine,* 1 Mich App 50; 134 NW2d 386 (1965); *Tait v Ross,* 37 Mich App 205; 194 NW2d 554 (1971). We are not convinced that the trial court's findings are clearly erroneous. GCR 1963, 517.1; *Pepper v Naimish,* 39 Mich App 597, 600; 197 NW2d 866, 867 (1972).

Judgment for plaintiffs is affirmed, with costs to plaintiffs.

All concurred.