DAUER *v.* ZABEL.

1. TRIAL—INVOLUNTARY DISMISSAL—GROUNDS.

Defendant is not entitled to involuntary dismissal of action where he failed to produce evidence in response to a prima facie case made out by plaintiff since such a dismissal requires that the moving party have a clear right to judgment upon the whole record as a matter of law.

2. JUDGES—RETIREMENT—ADDITIONAL SERVICE—FINDINGS OF FACT.

Judge who had rendered decision in case without making findings of fact required by court rules and who is available after retirement for additional service to make such findings, under constitutional provision allowing Supreme Court to assign retired judges to judicial duties for limited periods, may be requested by the court administrator to make such findings (Const 1963, art 6, §§ 1, 4, 23, as amended in 1968).

3. APPEAL AND ERROR—REMAND—NONJURY CASE—FINDINGS OF FACT.

Proper disposition of appeal in action in which trial judge, sitting without a jury, failed to make findings of fact required by court rules is to remand original record to trial court for preparation and certification of such findings; hence, Court of Appeals was in error in reversing judgment and remanding case for new trial where original trial judge, though retired, was available for additional service in preparing such findings of fact (Const 1963, art 6, §§ 1, 4, 23, as amended in 1968).

4. COSTS—REMAND—FINDINGS OF FACT.

All costs in nonjury action for wrongful death are ordered to abide final result, where original record in case is remanded to circuit court for preparation and certification of findings

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 1126.
[2,5] 30A Am Jur, Judges § 23.
[3] 5 Am Jur 2d, Appeal and Error § 974.
[4] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

of fact conforming to requirements of court rule and entry of a new opinion and judgment by Court of Appeals (GCR 1963, 517).

5. JUDGES—RETIREMENT—COMPENSATION—SPECIAL ASSIGNMENT.

Retired trial judge, assigned by Supreme Court to prepare and certify findings of fact in wrongful death action heard by him before retirement, is to be compensated under provisions regarding compensation for retired judges filling judicial vacancies (Const 1963, art 6, § 23, as amended in 1968; MCLA § 600.226).

Appeal from Court of Appeals, Division 3; Holbrook, P. J., and Burns and Wise, JJ., reversing Saginaw, O'Neill (James E.), J. Submitted November 13, 1968. (Calendar No. 8, Docket No. 51,924.) Decided February 3, 1969.

9 Mich App 176, reversed.

Complaint by Eva F. Dauer, as administratrix of the estate of David Anthony Dauer, deceased, against Carl J. Zabel for wrongful death. Judgment for plaintiff. Reversed and remanded for new trial by Court of Appeals. Plaintiff appeals. Court of Appeals order vacated and case remanded to trial court for findings of fact.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiff.

*Smith, Brooker, Harvey & Cook (A. T. Lippert, Jr.,* of counsel), for defendant.

PER CURIAM. Our order of September 4, 1968[1] restricted review to the second question dealt with by

---

[1] "Review by this Court shall be restricted to the question posed by plaintiff and appellant's application for leave to appeal. In the event the Court of Appeals is reversed, the case will be remanded to that Court for review of allegations of error which were not

the assigned panel of the Court of Appeals. That question was whether rule-required findings of fact had been made by the trial judge. See 9 Mich App 176, 181–184. Having agreed with the panel's negative answer, we find ourselves disagreeing with the disposition made. As presently shown, there was no need for another trial of this already fully tried nonjury lawsuit.

It is notable that defendant did not move for amended or additional findings under GCR 1963, 517.2. He appealed instead upon allegation—among others—that his motion for involuntary dismissal should have been granted. That of course he was entitled to do, GCR 1963, 517 considered. The practice should, however, meet discouragement save only where the moving party is possessed of a rather clear right to judgment upon the whole record, as a matter of law. Here the defendant moving party was possessed of no right to such a judgment, he having failed to submit proof in response to an evident prima facie case which the plaintiff administratrix had made out. Review then, arrived in the Court of Appeals upon a record which authorized a factual finding of liability as charged but lacked a rule-required finding thereof.

It is alleged, however, the trial judge having retired since filing of opinion and entry of judgment thereon in 1966, that he could not be called back into service for compliance with Rule 517. Not so. See sections 1 and 4 of Article 6 of the Constitution of 1963 in conjunction with former as well as amended section 23 of the same article. In future cases as at bar we recommend, both to the circuit and appellate benches, that the need for additional judicial service of a retired and available "person," the status of whom comes within the purview of said

passed upon by it. Application for leave to appeal may be made from any adverse ruling."

section 23, be called to the attention of the court administrator. Appropriate action will follow promptly.

The judgment of the Court of Appeals is vacated. That Court will remand the original record to the 10th circuit for preparation and certification of findings of fact conforming with the requirements of GCR 1963, 517. Thereupon the assigned panel of the Court of Appeals will prepare and file a new opinion and enter such new judgment as in its view is then due, the original record and newly certified findings considered. All costs will abide the final result.

*     *     *     *     *     *     *     *     *

Upon remand as ordered above, the original record will be re-examined by the trial judge, the Honorable James E. O'Neill, now retired, whereupon Judge O'Neill will prepare and certify to the Court of Appeals such new findings of fact as were, at conclusion of this nonjury trial, called for by Rule 517. Judge O'Neill will be compensated for the work done by him in pursuance of this section 23[2] assignment to judicial duty, according to the provisions of section 226 of the revised judicature act, as added by PA 1964, No 81 (MCLA § 600.226, Stat Ann 1968 Cum Supp § 27A.226).

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred.

T. G. KAVANAGH, J., took no part in the decision of this case.

[2] The reference is to the 1968 amendment of article 6, § 23 of the Constitution of 1963, see PA 1968, p 711.