McCLARY v. WAGONER

Workmen's Compensation—Findings of Appeal Board—Review by Courts—Findings of Fact.
> Judicial review of findings of the workmen's compensation appeal board is limited to questions of law, but it is necessary for a reviewing court to know the path the board has taken through the conflicting evidence, the testimony that the board adopted, the standard used, and the reasoning applied since review of the board's findings as a question of law is impossible without this information; a conclusory finding in the form of the statutory language, without more, is insufficient (CL 1948, § 413-.12).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 February 11, 1969, at Grand Rapids. (Docket No. 4,993.) Decided February 28, 1969.

Petition by Fred McClary against Harold Wagoner, Hartford Accident and Indemnity Company, and Michigan Second Injury Fund for adjustment of a workmen's compensation claim. Additional benefits denied. Plaintiff appeals. Remanded for further proceedings.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley* (*Ronald D. Glotta,* of counsel), for plaintiff.

*Smith, Haughey & Rice,* for defendants Wagoner and Hartford Accident and Indemnity Company.

Reference for Points in Headnote
58 Am Jur, Workmen's Compensation §§ 522–527.

*A. C. Stoddard,* for defendant Michigan Second
Injury Fund.

BEFORE: Levin, P. J., and Holbrook and Dan-
hof, JJ.

Per Curiam.   Plaintiff was employed by defend-
ant and assigned to work as a carpenter.  On May
7, 1956, he fell from a scaffold and suffered a frac-
ture of the left *os calcis.*\*   Compensation was paid
voluntarily during the 500 week period following
the injury.

On December 7, 1965, the plaintiff filed an appli-
cation for hearing with the workmen's compen-
sation department claiming injury to the lower ex-
tremities resulting in permanent and total disabil-
ity, including "permanent and total loss of industrial
use of both legs."   MCLA § 412.10(b)(7)  (Stat
Ann 1968 Rev § 17.160[b][7]).

The referee concluded that the "plaintiff is not
totally and permanently disabled within the meaning
of the compensation act and, therefore, not entitled
to further compensation."   He made no finding of
fact other than such conclusory finding.   The appeal
board affirmed but likewise did not make detailed
findings of fact.   The appeal board merely stated:
"The record presented does not warrant our conclud-
ing that the referee erred in holding plaintiff is
not permanently and totally disabled within the
meaning of the compensation act."

Our review of findings of the appeal board is
limited by controlling constitutional and statutory
provisions.   Const 1963, art 6, § 28; MCLA § 413.12
(Stat Ann 1968 Rev § 17.186).   We cannot, how-
ever, review the findings of the board as a question
of law if, as in this case, it has done nothing more

---

\* *Os calcis* == *calcaneus,* or bone of the heel.—Reporter.

than to present us with a conclusory finding in the form of the statutory language. We need to know the path the board has taken through the conflicting evidence. The appeal board should indicate the testimony adopted, the standard followed and the reasoning it used in reaching its conclusion. See *United States* v. *Merz* (1964), 376 US 192 (84 S Ct 639, 11 L Ed 2d 629), *rehearing denied* 376 US 973 (84 S Ct 1131, 12 L Ed 2d 87). 2 Davis, Administrative Law Treatise, §§ 16.05, 16.06. *Cf.* 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 594.

During the oral argument we were advised by the parties that since the appeal board's decision one of plaintiff's legs was amputated and that a new application for total and permanent disability will be filed on the basis of the changed factual situation.

We remand for further findings by the appeal board as to whether under the old and the new factual situations the plaintiff suffered the permanent and total loss of industrial use of both legs. We retain jurisdiction.

Costs to abide the event.