## COMMERCIAL CONSTRUCTION CO *v.* ELSMAN ENTERPRISES, INC.

1. COURTS—COURT RULES—FINDINGS.

   The primary purpose of the court rule which requires a trial court to make pertinent findings and conclusions upon contested nonjury matters without over elaboration of detail or particularization of facts is to aid the appellate court by giving it a clear understanding of the grounds for the trial court decision (GCR 1963, 517.1).

2. TRIAL—PRETRIAL SUMMARY.

   The pretrial summary controls the subsequent course of litigation (GCR 1963, 301.3).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  53 Am Jur, Trial § 1133.
[2]  53 Am Jur, Trial § 11.
[3]  4 Am Jur 2d, Appeal and Error §§ 323, 324, 333.

3. LIENS—MECHANIC'S LIEN—BONDS—MOOT QUESTION.

   The question of whether plaintiff had a valid mechanic's lien was
   moot where defendant deposited cash with the trial court, in
   lieu of an appeal bond, sufficient to satisfy plaintiff's judg-
   ment.

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 February 3, 1970, at Grand Rapids. (Docket No. 6,703.) Decided February 26, 1970.

Complaint by Commercial Construction, Co., a Michigan corporation, against Elsman Enterprises, Inc., a Michigan corporation, for payment of labor and materials supplied under contracts. Defendant counterclaimed. Judgment for plaintiff less amount of counterclaim. Defendant appeals. Affirmed.

*Stapleton, Adams, Burgie, Kidston & Crocker* (*Charles E. Ritter,* of counsel), for plaintiff.

*Elsman, Young & O'Rourke* (*Stratton, Wise, Early, Starbuck & Lennon,* of counsel), for defendant.

Before: HOLBROOK, P. J., and DANHOF and ROOD,* JJ.

ROOD, J. Plaintiff brought suit in the Kalamazoo County Circuit Court against defendant for labor and materials furnished under contracts both written and oral for the construction of a Dog 'n Suds Drive-In restaurant in Parchment, Michigan, after its request for payment was refused by the defendant. Defendant by way of defense, as well as in a counterclaim, alleges that the plaintiff failed to com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plete the building on time, thus causing defendant loss of profits, and that there were various omissions and deficiencies in the construction.

The trial court, sitting without a jury, rendered an eight page opinion wherein he awarded the plaintiff a judgment in the net amount of $14,377.38 plus interest. The judgment was determined by deducting from plaintiff's claim the portion of defendant's counterclaim which was allowed in the amount of $1,920.

On appeal, the defendant claims that the trial court committed error by failing to comply with GCR 1963, 517.1. The defendant asserts that the trial court did not deal with each item set forth in the counterclaim separately as demanded by the defendant. GCR 1963, 517.1 requires the trial court to make "pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts".

The purpose of Rule 517.1 like Fed Rules Civ Proc, 52(a), after which it is modeled, is primarily to aid the appellate court by giving it a clear understanding of the grounds for the trial court decision. *Dauer* v. *Zabel* (1967), 9 Mich App 176, 184; *Nicpon* v. *Nicpon* (1967), 9 Mich App 373.

Unlike the situations which faced the Court in *Zabel* and *Nicpon,* where the Court failed to find even a minimum compliance with GCR 1963, 517.1, we find after a careful review of the record and examination of the trial court's opinion that the trial court has at least minimally complied with the rule and that his findings are sufficient to indicate the factual basis for his ultimate conclusions and are not "clearly erroneous". GCR 1963, 517.1; *Zitomer* v. *Kelmenson* (1965), 375 Mich 206; *Lacey* v. *City of Warren* (1967), 7 Mich App 105, 107. See 2 Honig-

man & Hawkins, Mich Court Rules Annotated (2d ed), p 597.

Therefore, we affirm the trial court's judgment for the plaintiff.

The defendant also contends that the trial court erred in finding that plaintiff had a valid mechanic's lien because the defendant is not the owner of the land. The validity of the lien was not controverted before trial and was not included as an issue for trial in the pretrial summary which controls the subsequent course of the litigation under GCR 1963, 301.3.

Although defendant sought to amend its answer during the course of the trial, the trial court did not grant the amendment and to have done so might have been an abuse of discretion.

Noting that under MCLA § 570.3 (Stat Ann 1953 Rev § 26.283) the mere fact that the defendant is not the owner of the land upon which the building sits would not be sufficient to invalidate the lien, we find the question to be moot because the defendant has deposited cash with the trial court in lieu of an appeal bond sufficient to satisfy judgment.

Affirmed. Costs to plaintiff.

All concurred.