PEOPLE *v.* HURSTON

CRIMINAL LAW—NONJURY TRIAL—FINDINGS OF FACT—COURT RULES.
  Requirement that a trial court sitting without a jury must make
    specific findings of fact does not apply to nonjury criminal
    cases (GCR 1963, 517.1).

Appeal from Recorder's Court of Detroit, Henry L. Heading, J. Submitted Division 1 December 14, 1970, at Detroit. (Docket No. 9154.) Decided June 25, 1971.

Ervin Hurston was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*D. Michael Kratchman,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and JEANNETTE,* JJ.

PER CURIAM. Defendant was charged with robbery armed contrary to MCLA § 750.529 (Stat Ann

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 1131 *et seq.*

1971 Cum Supp § 28.797). He was found guilty by the judge sitting without a jury and sentenced to serve not less than 10 nor more than 20 years in prison.

Defendant contended, *inter alia,* that the trial court erred in failing to make specific findings of fact pursuant to the requirement under GCR 1963, 517.1. We agreed.

As *per* the Supreme Court's mandate in *Dauer* v. *Zabel* (1969), 381 Mich 555, we remanded the matter to the trial court for findings of fact pursuant to GCR 1963, 517.1. This rule had been interpreted to apply to criminal as well as to civil cases, *People* v. *George Scott* (1970), 21 Mich App 217; *People* v. *Martinovich* (1969), 18 Mich App 253.

This area of the law has now been clarified, not only for this Court but for trial courts also, by virtue of the Supreme Court's order of February 9, 1971, in the case of *People* v. *Thomas* (1971), 384 Mich 804, which unequivocally states that GCR 1963, 517.1, *does not* apply to nonjury criminal cases.[1]

Affirmed.

---

[1] But see *People* v. *Thomas* (1971), 384 Mich 828, where the order of February 9, 1971 was vacated and application for leave to appeal was granted.