JOHNSON *v* WYNN

1. TRIAL—NONJURY CASES—FINDINGS OF FACT.

Clear and complete findings of fact by a trial judge in a non-jury case are essential to enable the appellate court properly to exercise and not to exceed its powers of review (GCR 1963, 517.1).

2. TRIAL—NONJURY CASES—FINDINGS OF FACT—SPECIFICITY.

Findings of fact by a trial judge in a nonjury case must include as much of the subsidiary facts as is necessary to disclose the steps by which he reached his ultimate conclusion on each factual issue and should be made at a level of specificity which will disclose to the reviewing court the choices made as between competing factual premises at the critical point that controls the ultimate conclusion of fact (GCR 1963, 517.1).

3. TRIAL—NONJURY CASES—FINDINGS OF FACT—SPECIFICITY.

The finding of the trial judge in a nonjury case that an instrument assigning the purchaser's interest in a land contract was not supported by consideration was sufficiently specific to satisfy the requirements of the court rule where the deter-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 1133.
[2] 53 Am Jur, Trial §§ 1134, 1137.
[3] 53 Am Jur, Trial § 1137.
[4] 6 Am Jur 2d, Assignments §§ 90, 102, 104.
[5] 5 Am Jur 2d, Appeal and Error § 831.

mination of whether consideration existed depended upon an appraisal of the credibility of the witnesses and the trial judge, in his findings of fact, adequately set out the testimony which he adopted and the path which he took through the conflicting evidence (GCR 1963, 517.1).

4. ASSIGNMENTS—DEFENSES—CONSIDERATION.

Lack of consideration is not ordinarily a defense to the validity of an assignment; however, where the party asserting the validity of the instrument contends that it was executed for a valuable consideration and the instrument was not supported by consideration, the instrument should be cancelled.

5. ASSIGNMENTS—LAND CONTRACTS—CANCELLATION OF INSTRUMENTS —LACK OF CONSIDERATION—FINDINGS OF FACT—APPEAL AND ERROR.

The judgment of the trial court that an instrument assigning the purchaser's interest in a land contract should be cancelled because it was not supported by consideration will not be overturned on appeal where the party asserting the validity of the assignment contended it had been made for a valuable consideration, the resolution of the question of consideration depended upon an appraisal of the credibility of the witnesses, and nothing in the record justifies the appellate court's concluding that the trial court incorrectly resolved the credibility question.

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 January 4, 1972, at Detroit. (Docket No. 8751.) Decided February 22, 1972.

Complaint by Joe W. Johnson against Oscar and Nathor Wynn to have an instrument assigning plaintiff's purchaser's interest in a land contract to defendants declared void. Judgment for plaintiff. Defendants appeal. Affirmed.

*Josephson & Tennen* (by *Carl L. Rubin*), for plaintiff.

*George E. Lee,* for defendants.

Before: LEVIN, P. J. and HOLBROOK and BRONSON, JJ.

LEVIN, P. J. In 1960, the plaintiff, Joe W. Johnson, entered into a land contract to purchase a home. The defendants, Oscar Wynn and Nathor Wynn, husband and wife, rely on a written assignment of Johnson's purchaser's interest in the land contract which purports to have been signed by Johnson on March 1, 1962.

Five years later, on February 23, 1967, the instrument of assignment was recorded. Johnson claims that he first learned of the instrument some time later when he went to pay the property taxes on the home and a clerk commented on the transfer of Johnson's purchaser's interest.

Johnson commenced this action in July 1968, claiming that he did not sign the instrument and, alternatively, that it was executed without consideration and, therefore, was not binding on him. The trial judge, who sat without a jury, found that the instrument was executed without consideration and entered a judgment declaring it to be null and void.

The defendants raise one issue on appeal. They contend that the judge did not comply with the court rule requiring that he "find the facts specially and state separately [his] conclusions of law thereon". GCR 1963, 517.1.

We have previously commented on the importance of adequate fact-finding.[1] In *Nicpon* v *Nicpon,* 9 Mich App 373, 378 (1968), we said:

"Clear and complete findings by the trial judge are essential to enable us properly to exercise and not exceed our powers of review.

---

[1] See, also, *Dauer* v *Zabel,* 381 Mich 555 (1969), reversing on other grounds *Dauer* v *Zabel,* 9 Mich App 176 (1967).

" 'We must know what a decision means before the duty becomes ours to say whether it is right or wrong.' Mr. Justice Cardozo, for the Court, in *United States* v *Chicago, M S P. & P R Co,* 294 US 499, 511; 55 S Ct 462, 467; 79 L Ed 1023, 1032."

In *McClary* v *Wagoner,* 16 Mich App 326, 328 (1969), we remanded for further fact finding because we were confronted with a conclusory finding in the form of the statutory language. We said:

"We need to know the path the board has taken through the conflicting evidence. The appeal board should indicate the testimony adopted, the standard followed and the reasoning it used in reaching its conclusion."

Similarly, see *Braidwood* v *Harmon,* 31 Mich App 49, 59 (1971), where we said:

"To properly perform our reviewing function we need to know the path the trial judge takes through the conflicting evidence."[2]

In this case, the judge, in an opinion dictated from the bench, declared that he did not see any need to determine whether the signature on the instrument was a forgery[3] because he was satisfied that the instrument was not supported by valid consideration.

---

[2] Similarly, see 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 594:

"The findings of fact must include as much of the subsidiary facts as is necessary to disclose the steps by which the trial court reached its ultimate conclusion on each factual issue. The findings should be made at a level of specificity which will disclose to the reviewing court the choices made as between competing factual premises at the critical point that controls the ultimate conclusion of fact. That is, at the point where a given choice as to the concrete facts leads inevitably to the ultimate conclusion, the findings should disclose the choice which was made, so that the appellate court may test the validity of its evidentiary support."

[3] An examiner of questioned documents testified for Johnson that the signature on the instrument was not Johnson's. The Wynn's handwriting expert testified that the signature was genuine.

We are persuaded that, although the judge's findings could have been clearer, they adequately set out the testimony which he adopted and the path which he took through the conflicting evidence. There is no need for further fact finding.

The basic question was one of credibility. It is apparent that the judge believed Johnson's testimony and did not believe the testimony of Mrs. Wynn who said that she had obtained the assignment in exchange for money paid and cancellation of past indebtedness Johnson owed to her.[4]

While lack of consideration is not ordinarily a defense to the validity of an assignment[5]—the transfer may be entirely donative and yet be valid—here the party asserting the validity of the instrument contended that it was executed for a valuable consideration. In the factual context of this case, the judge's finding, contrary to the defendants' claim, that the instrument was not in fact executed for a valuable consideration supports the judge's conclusion that the instrument should be cancelled.

On March 1, 1962, the date of the assignment, there was a balance of not more than $5,850 owing by Johnson on the land contract. Mrs. Wynn testified that the property was worth $13,000 on that date. She claimed that in return for the assignment she paid bills Johnson owed third persons and cancelled indebtedness of $580 or $780 he owed her. She

---

[4] The judge found that "throughout this entire period of time" Johnson continued to make tax payments, insurance payments, and other payments in the maintenance and operation of the premises. He was not impressed with Mrs. Wynn's statement that her reason for not notifying the land contract vendor of the assignment until February 1967, was that she had lost the documents. He said that "other methods and other approaches could have been taken to cure this". It is apparent from this and other statements in his opinion that the judge simply did not believe Mrs. Wynn, and that he did believe Johnson.

[5] 13 Am Jur 2d, Cancellation of Instruments, § 21 et seq.; 23 Am Jur 2d, Deeds § 61 et seq.

could not recall the amounts she had paid third persons for Johnson except "500 and some dollars" she had paid for gas and light bills. She also claimed that she had given Johnson money to pay monthly installments to the land contract vendor. She could not produce either cancelled checks or receipts or other evidence of payment. She did not claim that she had paid the taxes or insurance premiums. She said that Johnson had asked her to take over the land contract because he could no longer afford to make the land contract payments of $85 a month, but that he continued to occupy the home as her tenant and paid her $100 a month rent.

At the time the instrument was purportedly executed Johnson was 82 years of age. He testified that he had known Mrs. Wynn for 12 years and there had been business dealings between them. He claimed that he had paid the land contract installments, the taxes, and insurance premiums, and denied that the Wynns had contributed to the payment of those obligations. He further denied that he had owed the Wynns any amount and denied that they had paid any of his bills.

In *Lewis* v *Brown,* 24 Mich App 252, 256–257 (1970), a similar dispute was presented. There, as here, a person not in possession of the property relied on an assignment of the purchaser's interest under a land contract and the trial judge concluded that the assignor in possession should prevail. In affirming his decision we said:

"The resolution of the issue presented depends upon one's appraisal of the credibility of the witnesses. We find nothing in the record which would justify our concluding that the trial judge incorrectly resolved the credibility question."

Affirmed. Costs to the plaintiff.

All concurred.