POWELL v COLLIAS

1. COURTS—COURT RULES—NON-JURY TRIAL—FINDINGS OF FACT—
   CONCLUSIONS OF LAW.
   A trial court sitting without a jury is required by court rule to
   make special findings of fact and to state separately its conclu-
   sions of law, and minimal compliance with the rule is satisfac-
   tory, provided the court reveals the factual basis for its ulti-
   mate conclusions (GCR 1963, 517.1).

2. COURTS—NON-JURY TRIAL—BREVITY OF OPINION—COURT RULES.
   Brevity alone is not fatal to a trial court's opinion because the
   rule which requires a trial court in a non-jury case to make
   special findings of fact and to state its conclusions of law does
   not require over-elaboration of detail or particularization of
   facts (GCR 1963, 517.1).

3. COURTS—NON-JURY TRIAL—FINDINGS OF FACT—SPECIFICITY.
   A trial court's findings of fact in a non-jury case is not sufficiently
   specific where, although the facts stated by the judge are well
   supported by the evidence, they are made in a conclusory
   fashion without specific reference to the evidence relied on for
   each determination.

Appeal from Oakland, Richard D. Kuhn, J. Sub-
mitted Division 1 February 4, 1975, at Detroit.
(Docket No. 18090.) Decided March 24, 1975.

Complaint by Walter H. Powell and Verda M.
Powell against William Collias for damages for
injuries resulting from a motorcycle-automobile
collision. Judgment for plaintiffs. Defendant ap-
peals. Remanded for further proceedings.

*John H. Norton,* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 76 Am Jur 2d, Trial § 1250 *et seq.*

*Smith, Magnusson & Chartrand,* for defendant.

Before: McGREGOR, P. J., and J. H. GILLIS and QUINN, JJ.

McGREGOR, P. J. Again, we have the problem of the failure of a trial court in a non-jury case to achieve complete compliance with GCR 1963, 517.1.

This is an appeal as of right from the entry of a judgment of $45,000 against the defendant in a personal injury action resulting from a motorcycle-automobile collision. The principal assignment of error on appeal is the failure of the trial judge, in a non-jury trial, to comply with GCR 1963, 517.1 in making sufficient findings of fact.

Factually, it appears that on the evening of June 7, 1971, plaintiff Walter Powell was driving his motorcycle on the northernmost lane of Auburn Road, a 4-lane, east-west road. He was travelling in a westerly direction, slightly ahead of another auto, approaching the intersection of Paddock Street, a 2- or 3-lane road which runs north and south.

Defendant's automobile was facing east in the center of the Paddock-Auburn intersection, stationary, waiting for traffic to clear so that he could execute a left turn (northbound) on to Paddock Street. Defendant testified that, from his vantage point, prior to making his turn, he observed the plaintiff on his motorcycle, approaching the intersection at a rate of speed of 30 to 35 miles per hour. Defendant estimated that the plaintiff was 180 feet away when he was last observed.

The traffic signal light was green when the defendant proceeded to make his turn across the northernmost lane of Auburn Road. Plaintiff testified that he accelerated as soon as the light

changed to green, and as he approached the intersection, the defendant's vehicle pulled out quickly in front of him and then stopped, so that it was blocking the lane in which the plaintiff was travelling. The plaintiff swerved to the left a bit, but was unable to avoid striking the right rear portion of the defendant's auto.

It is not disputed that the traffic signal was green at the moment the defendant began his left turn, although the defendant maintains that the light was green from the moment he entered the intersection and was waiting to turn. Plaintiff and his witness, Laidlaw, who was driving an automobile directly behind the plaintiff's motorcycle, testified that they were, respectively, 25 and 45 feet away from the light, when the light changed from red to green. Laidlaw conjectured that the defendant was trying to "beat" the oncoming traffic as soon as the light changed.

Serious disagreement exists between the parties as to the speed at which the plaintiff was travelling immediately prior to the moment of impact. Both the plaintiff and witness Laidlaw testified that the plaintiff was travelling at about 25 miles per hour prior to the collision; defendant indicated that when he last saw the plaintiff, he appeared to be travelling about 35 miles per hour at most.

Conflicting evidence was offered by defense witness Jackie Randolph, who was standing on the southeast corner of the intersection. On direct examination, this witness estimated that the plaintiff was travelling at a speed exceeding 65 miles per hour, just prior to entering the intersection. On cross-examination, however, it developed that Mr. Randolph formed this opinion as to the plaintiff's speed before he had actually seen the motorcycle. This witness further stated that, just prior

to the collision, his attention was diverted from the motorcycle, to watching the defendant execute his left turn.

The trial judge took the case under advisement and rendered an opinion on August 6, 1973; in pertinent part, he said:

"This lawsuit arose out of a motorcycle/automobile accident on June 7, 1971, on Auburn Road at Paddock in the City of Pontiac. This opinion will determine both the issue of liability, and the question of damages.

"The proofs indicate that plaintiff Walter Powell was riding his motorcycle westerly on Auburn Road, toward the intersection with Paddock, and that the defendant automobile driver was facing easterly on Auburn, preparing to turn left onto Paddock. By defendant's own testimony, plaintiff Powell was not speeding, but traveling perhaps 30 to 35 miles per hour in a 35 m.p.h. zone. Defendant testified he made observations to each side and straight ahead, and at some time saw the motorcycle behind a dark car. Defendant said that as he made his turn onto Paddock, he heard an explosion which the proofs indicate resulted from the impact of the motorcycle crashing into the right rear door of defendant's automobile. Although there is some conflict in the testimony, the Court finds that the force of the crash threw the plaintiff over the car. The plaintiff landed on his head, causing serious injuries.

"The Court finds that the defendant was negligent in executing his turn in front of the oncoming motorcycle, in violation of § 257.650 of the Compiled Laws of 1948, as amended. Further, the Court finds that plaintiff Walter Powell was not guilty of any contributory negligence in approaching the intersection."

The remainder of the opinion dealt with the question of damages, which is not at issue on appeal.

Defendant first questions whether the trial judge, having tried a personal injury case without a jury, set forth sufficient findings of fact in his

written opinion, to meet the requirements of GCR 1963, 517.1, which provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts. If an opinion or memorandum decision is filed, it will be sufficient if the findings and conclusions appear therein."

Although this particular court rule has been the subject of appellate review in many instances, only a few very general standards have developed which will aid in the solution of this type of problem.

The leading case of *Nicpon v Nicpon,* 9 Mich App 373; 157 NW2d 464 (1968), cited by the plaintiff, basically recited the policy reasons behind GCR 1963, 517.1 from the standpoint of appellate review. It was there suggested that the trial judge's findings should at least reflect a decision on disputed issues of fact and an underlying judgment as to the credibility of witnesses. But the cause for reversal in that case was the trial court's failure to make any special findings of fact or to separately state its conclusions of law.

Where the trial court merely sets forth the respective claims of the parties, instead of making findings of fact, that exercise too fails to satisfy the rule. *Patrons' Mutual Fire Insurance Co v Goodman,* 202 Mich 66; 167 NW 955 (1918). More recently, a panel of this Court remanded a breach of contract case where the trial judge's opinion failed to resolve certain contested issues of fact

and omitted any conclusions of law. *Maynard v Dorner,* 53 Mich App 568, 574–575; 220 NW2d 161 (1974).

The view was expressed, *in dicta,* in *Braidwood v Harmon,* 31 Mich App 49, 58–59; 187 NW2d 559 (1971), that appellate courts prefer to see included in the findings of fact the trial judge's "determinations concerning the credibility and quality of the evidence offered by the parties. To properly perform our reviewing function we need to know the path the trial judge takes through the conflicting evidence."

The path was sufficiently made out, in *Johnson v Wynn,* 38 Mich App 302, 305; 196 NW2d 313 (1972), where the trial judge's terse opinion demonstrated that he had settled the witness credibility issue in his own mind. In the instant opinion, it is apparent that the court disbelieved the testimony of Jackie Randolph, that the plaintiff was travelling at a rate exceeding 65 miles per hour immediately prior to the collision. He chose instead to rely on inferences created by the defendant's testimony, that the plaintiff was driving within the speed limit, and that the conclusion was well supported by the plaintiff's testimony and that of witness Laidlaw.

Minimal compliance with the court rule is satisfactory, provided it reveals the factual basis for the court's ultimate conclusions. *Commercial Construction Co v Elsman Enterprises, Inc,* 22 Mich App 238, 241; 177 NW2d 447 (1970). Brevity alone is not fatal to a trial court's opinion because the rule does not require over-elaboration of detail or particularization of facts. *Hentkowski v Wilcome,* 22 Mich App 654, 657; 177 NW2d 714 (1970).

Ultimately, the only facts recited are that the defendant was preparing to make a left-hand turn

while the plaintiff was approaching at a rate not exceeding the lawful speed limit. Three legal conclusions are then offered: The defendant was negligent in making his turn; defendant violated the yield right-of-way statute in so doing, MCLA 257.650; MSA 9.2350; and the plaintiff was not contributorily negligent.

Such a recitation falls short of the degree of specificity required by the rule.

"The findings must disclose the basis for each ultimate fact necessary to sustain the court's conclusions of . law. But a mere recital of the conclusory facts which constitute the elements of the cause of action or defense will often be too general and not specific enough. Findings that defendant was 'negligent' and that plaintiff was not 'contributorily negligent,' unsupported by more specific factual findings, would not satisfy the purposes of the rule.

\* \* \*

"The findings of fact must include as much of the subsidiary facts as is necessary to disclose the steps by which the trial court reached its ultimate conclusion on each factual issue. The findings should be made at a level of specificity which will disclose to the reviewing court the choices made as between competing factual premises at the critical point that controls the ultimate conclusion of fact." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 594.

Certainly, not every "subsidiary fact" need be stated by the trial judge to justify his resolution of competing factual claims. For example, it would have been helpful for the trial court to have spelled out precisely how the defendant was supposed to have violated the applicable statute, MCLA 257.650; MSA 9.2350. Also, it would have been pertinent for the trial judge to have stated whether or not he believed that the defendant was

waiting for the light to change or for traffic to clear. The defendant had testified that the traffic signal was green as he approached the intersection, that he stopped to wait for traffic to clear, and then made a slow, careful, reasonable turn. On the other hand, the plaintiff maintained that the defendant "jumped right in front of me," after the light had changed from red to green, and his witness Laidlaw said it looked like the defendant was trying to "beat" the light.

The conclusions drawn by the trial judge, then, leave room for too many inferences. It is not readily apparent how the underlying disputed facts were finally resolved. See, *contra, Henson v Gerlofs,* 13 Mich App 435, 442; 164 NW2d 533 (1968). The facts stated by the trial judge were well supported by the evidence, but they were made in a conclusory fashion without specific reference to the evidence relied on for each determination.

A recent Supreme Court decision in *Ray v Mason County Drain Commissioner,* 393 Mich 294; 224 NW2d 883 (1975), reversing the Court of Appeals, on similar issues, held that the trial judge's findings of fact and conclusions of law clearly failed to meet the requirements of GCR 1963, 517. Also see *Dauer v Zabel,* 381 Mich 555, 558; 164 NW2d 1 (1969).

The original record is remanded to the trial judge, for re-examination and the preparation of new findings of fact and conclusions of law, in compliance with GCR 1963, 517. The same shall be certified to this Court within 60 days of the release of this opinion.

Final decision on appeal shall await the results of such findings of fact and conclusions of law.