## MAZUR v BLENDEA

### OPINION OF THE COURT

1. APPEAL AND ERROR—SHAREHOLDER'S DERIVATIVE SUIT—EQUITY—DE NOVO REVIEW.

   A shareholder's derivative action, being equitable in nature, is reviewed *de novo* by the Court of Appeals.

2. APPEAL AND ERROR—FINDINGS OF FACT—CLEAR ERROR—COURT RULES.

   Factual determinations made by a trial court sitting without a jury will not be set aside unless clearly erroneous; in the application of this principle regard should be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it (GCR 1963, 517.1).

3. APPEAL AND ERROR—FINDINGS OF FACT—CLEAR ERROR—COURT RULES.

   A finding is clearly erroneous when the reviewing court, after reviewing the entire record, is left with a definite and firm conviction that a mistake has been committed, although there may be evidence to support the finding (GCR 1963, 517.1).

4. TRIAL—FINDINGS OF FACT—COURT RULES.

   Findings of fact made by a trial court sitting without a jury may be brief, definite, and pertinent without over elaboration of detail or particularization of facts (GCR 1963, 517.1).

### DISSENT BY DANHOF, C. J.

5. TRIAL—FINDINGS OF FACT—DETAIL—COURT RULES.

   *A trial court's finding that a plaintiff's testimony is not to be believed is deficient under the court rules where the court made no attempt to reconcile the mass of evidence tending to corroborate plaintiff's testimony (GCR 1963, 517.1).*

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur 2d, Corporations § 528.

[2–6] 5 Am Jur 2d, Appeal and Error § 839.

20 Am Jur 2d, Courts §§ 82–86.

6. Trial—Findings of Fact—Detail—Court Rules.

 A trial court's findings should be sufficiently detailed to give an
 indication of the factual basis for the judge's conclusion (GCR
 1963, 517).

Appeal from Oakland, John N. O'Brien, J. Submitted November 5, 1976, at Lansing. (Docket Nos. 26712–26714.) Decided March 29, 1977. Leave to appeal applied for.

Complaints by Marvin Mazur, as a shareholder in various corporations, against Richard Blendea, Motor City Leasing Company, Car Parts International & Manufacturing Company and others to enforce a corporate cause of action. Judgment for defendants. Plaintiff appeals. Affirmed.

*Lawrence J. Stockler,* for plaintiff.

*Seymour Berger* and *George Silitch,* for defendants.

Before: Danhof, C. J., and M. J. Kelly and D. E. Holbrook, Jr., JJ.

M. J. Kelly, J. The present action is a shareholder's derivative suit brought by plaintiff, Marvin Mazur, against the defendants, Richard Blendea and various corporations. At trial it was agreed by court and counsel to try the issue of ownership in the defendant corporations separate from the claims of corporate abuse. The trial court concluded that plaintiff was not a shareholder and dismissed all of the consolidated lawsuits on the ground that plaintiff had failed to state a cause of action. Plaintiff's motion for reconsideration of the judgment or in the alternative, a new trial, was denied and plaintiff's appeal by right followed.

Plaintiff, on appeal, raises only one issue of substance, that being whether the trial court's

finding that plaintiff was not a shareholder is against the great weight of the evidence.

A shareholder's derivative action, being equitable in nature, is reviewed *de novo* in this Court. See *Dozier v Automobile Club of Michigan,* 69 Mich App 114; 244 NW2d 376 (1976). However, the *de novo* review of equity cases must be reconciled with the mandate of GCR 1963, 517.1 which states that factual determinations made by a trial court sitting without a jury will not be set aside unless clearly erroneous. In *Ford v Howard,* 59 Mich App 548, 552; 229 NW2d 841 (1975), this Court explained:

"It is well-settled in Michigan that although chancery cases are reviewed *de novo,* this Court does not reverse or modify unless convinced that it would reach a different result had it occupied the position of the trial court. * * * [Citations omitted.]

"It is also true that, whether the action is in law or equity, principal regard must be given to the special opportunity of the trial court to judge the credibility of witnesses, and findings of fact will not be set aside unless they are clearly erroneous. [GCR 1963, 517.1.] * * * [Citations omitted.]"

A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been committed after reviewing the entire record, although there is evidence to support the finding. *Tuttle v Department of State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

The trial court in the present case based its decision on the credibility of defendant Richard Blendea and on the lack of credibility of the plaintiff. The trial court held "that Mr. Mazur [plaintiff] has told too many different versions in the past and is unworthy of belief on the material issues involved in this case, and hence, this Court

concludes that Mr. Mazur was never an owner of any of the Car Parts companies, and further, whatever degree of involvement had existed, he relinquished when he obtained and was paid the sums of $5,540.07 and $2,500.00 by the Car Parts companies". Although the plaintiff presented many witnesses and numerous exhibits, the evidence taken as a whole was often contradictory. After reviewing the record and giving due regard to the opportunity of the trial court to judge the credibility of the witnesses, we are not left with a definite and firm conviction that a mistake has been committed. Although the trial court could have been more specific in setting forth the underlying facts relied on in reaching its ultimate conclusion, neither the trial court's findings of fact nor its decision is clearly erroneous.

The second issue raised by plaintiff was whether he was denied a fair trial because: (1) the trial was spread over a period of five months; (2) an additional seven months elapsed before the trial court issued its opinion and judgment; and (3) the trial court admitted confusion and poor note-taking ability during the trial. The protracted nature of the proceeding below was undoubtedly nettlesome to the parties. Such interruptions once trial has commenced can hardly be justified on the basis of an unwieldy docket. We do not condone a practice of adjourning or postponing proceedings in the vague hope that accommodation between the parties will be forced. However such does not appear to be the case here. We find no manifest injustice.

We find the note-taking issue frivolous.

## ADDENDUM

This is written after having received Chief

Judge DANHOF's vote to reverse because "the trial judge's findings of fact are incomplete". The trial court filed a seven-page opinion from which we extract some 15 factual findings as follows:

1. Plaintiff inconsistently contended that his interest in Car Parts Companies was not an ownership interest nor an equity interest but merely a security interest.

2. That plaintiff had his attorney prepare a document acknowledging that his sole interest in the Car Parts, Inc. was a security interest.

3. That plaintiff's explanation of how the document came to be drafted was not credible.

4. That plaintiff at one time stated his activities were directed toward assisting his nephew, Mr. Siegel, in acquiring an interest in the Car Parts Companies.

5. That plaintiff suspected his nephew of improper dealings with the various companies.

6. That some of plaintiff's machinations were directed toward deceiving his nephew.

7. That plaintiff was paid $5,540 in a check issued to him which was exchanged by him for cash in the amount of $5,540.

8. That thereafter an additional check in the sum of $2,500 was made payable to plaintiff.

9. That plaintiff's conduct was inconsistent with allegations of ownership; but consistent with a debtor-creditor relationship.

10. That if plaintiff ever had an ownership interest he relinquished it for payments of $5,540 and $2,500 by the Car Parts Companies.

11. That plaintiff never made any cash investment for purchase of an interest in the Motor City Leasing Company but on the contrary he and his related companies were indebted to the leasing company.

12. That plaintiff was not a stockholder in Motor City Leasing Company.

13. That the claim against E & A Warehouse Limited Corp. was devoid of any basis in fact and no evidence was adduced to support such claim.

14. That the claim of ownership in E & A was based upon the giving of a favorable credit reference which was contrary to allegations that large amounts of money were owed to plaintiff's related companies.

15. That plaintiff's allegations were unsupported by proofs and his testimony unworthy of belief. We find compliance with GCR 1963, 517.1. The plaintiff submitted 63 exhibits and played overtones of numerous possible inferences and conclusions to be drawn therefrom. If the court rule means anything by directing that the findings be brief, definite and pertinent without over elaboration of detail or particularization of facts, it seems reasonable to conclude that the trial judge complied. The final sentence of 517.1 is:

"In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

Credibility was the whole ballgame. At the outset of the trial, the trial court heard testimony on a complaint of possible subornation of perjury. The trial court has efficiently enumerated the inconsistencies which led him to conclude that plaintiff was unworthy of belief. To require further elaboration without specific, definitive instructions to the trial court would be unduly burdensome and would result surely in another appellate review.

Affirmed. Costs to appellees.

D. E. HOLBROOK, JR., J., concurred.

DANHOF, C. J. *(dissenting)*. I respectfully dissent.

The facts of this case are complex. The parties engaged in multifarious—and sometimes admittedly devious—business dealings over the course of about a year and a half, and it would serve little purpose to recount the details of these dealings and the various litigations they have spawned. Suffice it to say that this is one of them, and that after hearing nine days of testimony by numerous witnesses and viewing the sixty-odd exhibits introduced below, the trial judge concluded that "Mr. Mazur [plaintiff] has told too many different versions in the past and is unworthy of belief on the material issues involved in this case, and hence, this Court concludes that Mr. Mazur was never an owner of any of the Car Parts Companies, and further, whatever degree of involvement had existed, he relinquished when he obtained and was paid the sums of $5,540.07 and $2,500.00 by the Car Parts companies". The trial judge thought that "[t]he determining factor in deciding the issue of whether Marvin Mazur was a stockholder or had any proprietory *[sic]* interests in any of the corporations listed as defendants, was the issue of credibility". With that statement I cannot agree. I would say that the question is really whose testimony—Mazur's or Blendea's—is less incredible, since the testimony of each is fraught with inconsistencies and contradictions.

I cannot vote for reversal on the ground that the trial judge's findings of fact are clearly erroneous, for the reason that the trial judge's findings of fact are incomplete; without further elaboration of them, there are no specific findings that can be declared erroneous. I agree with the majority that the trial judge's conclusion that plaintiff's testi-

mony was not credible cannot, standing alone, be said to be clearly erroneous. The important point is that there was very strong circumstantial, documentary, and testimonial evidence corroborating plaintiff's claim of stock ownership to which the trial judge made no reference in his opinion. In the absence of any attempt by the trial judge to reconcile the mass of evidence tending to corroborate plaintiff's testimony, his conclusion that Mazur's testimony is not to be believed is deficient under GCR 1963, 517.1.

Apparently my brothers are willing to assume that the trial judge's conclusory statement that plaintiff's testimony is not to be believed is an umbrella; I deem it a parachute. Such a conclusory finding should not be regarded as constituting "minimal compliance" with GCR 1963, 517.1. In *Ray v Mason County Drain Commissioner,* 393 Mich 294, 302; 224 NW2d 883 (1975), the Court said, "What is required under GCR 1963, 517 will vary somewhat with the type of case and nature of the fact questions involved, but *at the very least GCR 1963, 517 demands that the court's findings be sufficiently detailed to give an indication of the factual basis for the judge's conclusion."* Although the rule requires only "pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts", it does require the trial judge who presided over a nine-day trial to provide the reviewing Court with some indication of his judgment as to the credibility of the principal exhibits, particularly when our review is *de novo* upon the entire record. How are we to perform our reviewing function when we are provided with no clear indication of the view taken by the trial judge of the bulk of the testimony and exhibits adduced below? In *Braidwood v Harmon,* 31 Mich App 49, 59; 187 NW2d 559 (1971), we said, "To properly

perform our reviewing function we need to know the path the trial judge takes through the conflicting evidence." See *McClary v Wagoner,* 16 Mich App 326, 328; 167 NW2d 800 (1969). In *Johnson v Wynn,* 38 Mich App 302, 304–305; 196 NW2d 313 (1972), Judge (now Justice) LEVIN observed that "[c]lear and complete findings by the trial judge are essential to enable us properly to exercise and not exceed our powers of review" and that "[w]e must know what a decision means before the duty becomes ours to say whether it is right or wrong". See *Nicpon v Nicpon,* 9 Mich App 373, 378; 157 NW2d 464 (1968). Because of the sheer volume of the testimony and exhibits tending to corroborate plaintiff's testimony this case cannot be said to turn solely upon Mazur's credibility as a witness. This is in contrast to *Johnson v Wynn, supra,* in which there were only two principal witnesses and one document bearing a signature of disputed validity. Therefore the trial judge's conclusory finding that plaintiff's testimony was not credible should not be viewed as constituting minimal compliance with GCR 1963, 517.1. *Cf. Commercial Construction Co v Elsman Enterprises, Inc,* 22 Mich App 238, 240; 177 NW2d 447 (1970). The instant case is more readily classed as one in which "[t]here were contested issues of fact not resolved by the opinion". *Maynard v Dorner,* 53 Mich App 568, 574; 220 NW2d 161 (1974). Here, as in *Powell v Collias,* 59 Mich App 709, 716; 229 NW2d 897 (1975): "The conclusions drawn by the trial judge * * * leave room for too many inferences. It is not readily apparent how the underlying disputed facts were finally resolved."

I would remand with a direction that the trial judge enter a supplemental opinion outlining his view of the evidence in sufficient detail to permit us to exercise meaningfully our power of *de novo* review.