OCTOBER 20, 1977

BEEBEE V HASLETT PUBLIC SCHOOLS. (Docket No. 58263.) (Calendar No. 11.) This cause was submitted for oral argument and decision on October 6, 1977. Our responsibility is to determine whether the State Tenure Commission's decision, findings, rulings and orders "are supported by competent, material and substantial evidence on the whole record". Const 1963, art 6, § 28. In another context, we said that our first step in discharging this responsibility is to separate the state agency's findings of fact from its understanding of the law controlling the case. *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96, 100 (1974). We have often quoted the Court of Appeals language in *McClary v Wagoner,* 16 Mich App 326, 327–328 (1969), that:

"We cannot * * * review the findings of the [workmen's compensation appeal] board as a question of law if * * * it has done nothing more than to present us with a conclusory finding in the form of the statutory language. We need to know the path the board has taken through the conflicting evidence. The appeal board should indicate

the testimony adopted, the standard followed and the reasoning it used in reaching its conclusion."

We must have specific findings of fact in order to properly discharge our review function. *Braxton v Chevrolet Grey Iron Foundry Division of General Motors Corp,* 396 Mich 685 (1976); *Steel v Suits News Co,* 398 Mich 171 (1976); *Leskinen v Employment Security Commission,* 398 Mich 501 (1976). Our review of the decision of the State Tenure Commission in this case discloses no specific findings of fact and conclusions of law. We therefore remand this cause to the State Tenure Commission with directions that it make specific findings of fact and conclusions of law, to be promptly filed with this Court. We do not anticipate this remand will require further proceedings by the parties or hearings. This Court retains jurisdiction.

*Foster, Swift, Collins & Coey* for plaintiff-appellee. *Thrun, Maatsch & Nordberg* for defendant-appellant. *Shifman & Goodman, P. C.,* for Michigan Association of Schools Boards as amicus curiae. Reported below: 66 Mich App 718.